**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KHALIL WHEELERWEAVER,

    Plaintiff,

      v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, *et al*

    Defendants.

Civil No. 23-22617 (GC)(JTQ)

**OPINION**

**CASTNER, District Judge**

This Opinion addresses the screening of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A following the Court's prior dismissal without prejudice with leave to amend. Plaintiff, a convicted state prisoner confined at New Jersey State Prison, asserts claims under 42 U.S.C. § 1983 sounding in alleged violations of the Eighth Amendment, including conditions of confinement arising from his transport from the Essex County Courthouse to New Jersey State Prison and deliberate indifference to serious medical needs, as well as claims premised on supervisory liability. Plaintiff also appears to assert related state law claims, including negligence and products liability. For the reasons explained below, the Court concludes that the Second Amended Complaint does not cure the deficiencies previously identified. Accordingly, all federal claims are dismissed—certain claims with prejudice and the remainder without prejudice—and the Court declines to exercise supplemental jurisdiction over any state law claims. Plaintiff's request for appointment of counsel is denied without prejudice. The Court will, however, afford Plaintiff one final opportunity to amend.

## I.   FACTUAL BACKGROUND

Plaintiff Khalil WheelerWeaver ("Plaintiff"), a state prisoner confined at New Jersey State Prison in Trenton, New Jersey, initiated this action by filing a Complaint on November 22, 2023. (ECF No. 1.) He filed a first amended complaint and paid the filing fee on or about February 13, 2024. (ECF No. 3.) On July 11, 2024, the Court screened the first amended complaint pursuant to 28 U.S.C. § 1915A and dismissed all federal claims without prejudice for failure to state a claim, and declining supplemental jurisdiction over any state law claims. (ECF No. 9 ("July 2024 Opinion"); *Wheelerweaver v. Targgart*, No. 23-22617, 2024 U.S. Dist. LEXIS 121800 (D.N.J. July 11, 2024).) The Court granted Plaintiff 45 days to submit a second amended complaint to cure the identified pleading deficiencies. (*Id.*)

Plaintiff timely filed the operative Second Amended Complaint ("Second Amended Complaint" or "SAC") on October 9, 2024. (ECF No. 10.) The SAC identifies the New Jersey Department of Corrections ("NJDOC") as the owner and operator of New Jersey State Prison; Correctional Officers Taggart and Morton as officers assigned to the Central Transportation Unit ("CTU"); Dr. Haggag as a medical doctor at New Jersey State Prison; Amy Emrich as Associate Administrator; Garyn Nathan as Assistant Superintendent; and Ford Motor Vehicle Co. as the manufacturer of the transport vehicle at issue. (SAC ¶¶ 7–13.)

Plaintiff alleges that, on May 15, 2023, he was transported from the Essex County Courthouse back to Trenton State Prison by Officers Taggart and Morton in a Department of Corrections transport van manufactured by Ford Motor Company. (SAC ¶ 14.) He alleges that, upon entering the van, he was seated in the rear compartment and was not secured with a seatbelt. (SAC ¶ 15.) Plaintiff asserts that he was unable to secure himself because he was shackled at the ankles and handcuffed in front, with a chain connecting the handcuffs to his waist. (SAC ¶ 16.)

2

According to the SAC, while traveling on the New Jersey Turnpike at approximately 4:00 p.m., the officer operating the vehicle drove in a reckless, aggressive, and unsafe manner and suddenly applied the brakes. (SAC ¶¶ 17–19.) Plaintiff alleges that the sudden stop caused him to be thrown forward violently, striking his head, neck, and back against the metal partition separating the officers from the inmate compartment. (SAC ¶ 20.) He further alleges that the force of the impact was sufficient to dislodge his right ankle shackle. (SAC ¶ 22.)

Plaintiff alleges that, as a result of the incident, he suffered injuries to his head, neck, and back and continues to experience severe headaches, intermittent numbness in his arm, leg, and fingers on his left side, and persistent neck and back pain that interferes with his daily life. (SAC ¶¶ 26–27.) With respect to the transport, Plaintiff alleges that Officers Taggart and Morton were negligent in recklessly operating the vehicle and failing to secure him with a seatbelt. (SAC ¶ 23.) He further alleges that Ford Motor Vehicle Co. was "deliberately indifferent" in designing and manufacturing the transport vehicle in a manner that rendered it unsafe for inmate transport. (SAC ¶ 24.)

As to medical care, Plaintiff alleges that Dr. Haggag failed to conduct an adequate initial evaluation of his injuries and did not order further diagnostic testing, including an MRI or CAT scan. (SAC ¶ 25.) He further alleges that Dr. Haggag failed to ensure appropriate follow-up care despite Plaintiff's ongoing symptoms and specifically declined to order an MRI as Plaintiff requested. (SAC ¶ 28.) Finally, Plaintiff alleges that he submitted multiple grievances and inquiries concerning both the transport incident and his medical treatment; that those grievances were answered and appealed; that he raised his concerns with correctional staff and the Director of Medical Services; and that the issues were never remedied by prison administration or the medical

department. (SAC ¶ 29.) He further alleges that he submitted a state tort claim within ninety days of the incident. (SAC ¶ 29.)

Plaintiff seeks a declaratory judgment, injunctive relief, compensatory and punitive damages, and the appointment of counsel.

## II.    STANDARD OF REVIEW

Because Plaintiff is a prisoner who paid the filing fee, the Court screens the SAC pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000). Section 1915A requires the Court to screen prisoner complaints seeking redress from governmental entities, officers, or employees and to dismiss those that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915A(b)(1); *see also Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).

Whether a complaint fails to state a claim at screening is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must accept all facts in the SAC as true, draw all reasonable inferences in Plaintiff's favor, and ask only whether the SAC contains facts sufficient to state a plausible claim. *Durham*, 82 F.4th at 223; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it," but *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 244–45).

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

### III.    DISCUSSION

#### A.    Eighth Amendment — Conditions of Confinement During Transport (C.O. Taggart and C.O. Morton)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials have a duty to take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). An Eighth Amendment conditions-of-confinement claim requires a plaintiff to show both: (1) an objectively serious deprivation; and (2) that the defendant acted with deliberate indifference to that deprivation. *Id.* at 834.

The July 2024 Opinion, the Court dismissed the Eighth Amendment transport claim against C.O. Taggart and C.O. Morton without prejudice. 2024 U.S. Dist. LEXIS 121800, at *11–14. Although the Court liberally construed Plaintiff as alleging a deliberate indifference or excessive force claim, it found the first amended complaint deficient because Plaintiff had not pleaded facts suggesting that either officer "consciously disregarded a substantial risk of serious harm or acted maliciously or sadistically with the purpose of causing harm." *Id.* at *13. Specifically, the Court observed that Plaintiff did not plead that the officers intentionally or recklessly failed to secure the seatbelt, refused to do so upon request, or even realized they had failed to secure Plaintiff. *Id.* The Court also noted the absence of allegations that either officer realized Plaintiff was unsecured and could be seriously injured while one of them drove aggressively. *Id.* The Court granted leave to amend if Plaintiff could provide additional facts suggesting a constitutional violation. *Id.* at *14.

5

The Court therefore must determine whether the SAC supplies the additional factual content that was missing from the first amended complaint. A convicted prisoner may assert an Eighth Amendment transport claim under either a deliberate indifference or excessive force standard. *See McKinney v. Lanigan*, No. 18-8618, 2022 U.S. Dist. LEXIS 188974, at *5 (D.N.J. Oct. 17, 2022); *Pagliaroli v. N.J. Dep't of Corr.*, No. 18-12412, 2023 U.S. Dist. LEXIS 15956, at *3, 6 (D.N.J. Jan. 31, 2023). Under the deliberate indifference standard, a plaintiff must plausibly allege that he was exposed to a substantial risk of serious harm and that the defendant knew of and disregarded that risk. *Farmer*, 511 U.S. 825, 834, 837–38. Deliberate indifference "requires more than mere negligence" but does not require that the defendant act "for the very purpose of causing harm." *Id.* at 835. Courts in this district and others have found that liability may arise "when a defendant refuses to stop driving recklessly, refuses to secure a prisoner, or refuses to intervene, despite a prisoner's complaints." *Williams v. Whitaker*, No. 16-6379, 2020 U.S. Dist. LEXIS 42572, at *4 (E.D. Pa. Mar. 10, 2020) (citing *Williams v. City of Phila. Office of the Sheriff*, No. 17-2697, 2020 WL 315594, at *5, 2020 U.S. Dist. LEXIS 9306, at *12–19 (E.D. Pa. Jan. 21, 2020) (collecting cases)); see also *Brown v. Fortner*, 518 F.3d 552, 560 (8th Cir. 2008); *Thompson v. Commonwealth*, 878 F.3d 89, 94–109 (4th Cir. 2017).

As this Court previously observed, similar allegations may support a claim of deliberate indifference in the transport context. *See Wheelerweaver*, 2024 U.S. Dist. LEXIS 121800, at *12 (citing *Williams v. Whitaker*, which in turn cited *Williams v. City of Phila. Office of the Sheriff*). Critically, however, the Court also noted that mere failure to "take the time" to secure a seatbelt, without more, does not plausibly suggest conscious disregard of risk. *Id.* at *13.

The SAC does not materially supplement the factual allegations that the Court previously found deficient. As before, Plaintiff alleges that neither officer secured his seatbelt and that one

6

officer drove aggressively and slammed the brakes. (SAC ¶¶ 15–19, 23.) Plaintiff does not allege that he asked either officer to secure his seatbelt and was refused, that either officer acknowledged the risk and proceeded nonetheless, or that either officer drove recklessly in response to a disciplinary or punitive motive. Without such additional facts, the SAC alleges, at most, inattentiveness or negligence — the same deficiency the Court identified in the first amended complaint. Plaintiff does not plead facts plausibly suggesting that C.O. Taggart or C.O. Morton subjectively knew that Plaintiff was unsecured and consciously disregarded the resulting risk of serious harm. *See Farmer*, 511 U.S. at 837–38; *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) (absence of seatbelts alone does not constitute deliberate indifference). Accordingly, the Eighth Amendment transport claim against C.O. Taggart and C.O. Morton is dismissed without prejudice. Because this is Plaintiff's second attempt to plead this claim, and the SAC was submitted in direct response to the Court's July 2024 guidance, further leave to amend may be unwarranted absent a showing of new facts; however, the Court will afford Plaintiff one additional opportunity to amend if he can plead specific facts establishing conscious disregard of a known risk of harm.

## B. Eighth Amendment — Deliberate Indifference to Serious Medical Needs (Dr. Haggag)

The July 2024 Opinion, the Court dismissed the inadequate medical care claim against Dr. Haggag without prejudice, finding that Plaintiff's allegations amounted to a disagreement over the type of treatment provided rather than deliberate indifference. 2024 U.S. Dist. LEXIS 121800, at *16–17. Specifically, the Court observed that the first amended complaint acknowledged physical therapy had been provided and contained no well-pleaded facts suggesting that Dr. Haggag failed to exercise professional judgment, refused to order an MRI for non-medical reasons, or otherwise consciously disregarded a serious risk to Plaintiff's health. *Id.* The Court granted leave to amend. *Id.*

7

To plead deliberate indifference to serious medical needs, a convicted prisoner must allege that (1) he had a serious medical need, (2) the defendant was deliberately indifferent to that need, and (3) the deliberate indifference caused harm. *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citing *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003)). Where an inmate challenges the adequacy of care rather than its complete denial, courts presume that care was adequate and the plaintiff must show that the provider failed to exercise professional judgment. *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535–36 (3d Cir. 2017). Mere disagreement over the proper course of treatment does not state an Eighth Amendment claim. *Id.*; *Innis v. Wilson*, 334 F. App'x 454, 456–57 (3d Cir. 2009). However, a prison official acts with deliberate indifference if she intentionally denies or delays access to care or interferes with prescribed treatment. *Pearson*, 850 F.3d at 534 (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). The SAC alleges that Dr. Haggag conducted only a visual inspection, told Plaintiff he would be "fine," declined to order an MRI or CT scan despite Plaintiff's repeated requests and reports of symptoms suggesting possible subdural hematoma, and failed to provide adequate follow-up after physical therapy. (SAC ¶¶ 25, 28.)

These allegations, taken as true, again appear to reflect a dispute over the appropriate course of treatment rather than a showing that Dr. Haggag abandoned professional judgment altogether or denied care for non-medical reasons. The SAC does not plead facts — such as a protocol violation, a refusal driven by cost or administrative convenience, or a specific instruction to deny further testing — that would elevate the claim from negligence or disagreement to deliberate indifference. Accordingly, the medical care claim against Dr. Haggag is dismissed without prejudice, with leave to amend if Plaintiff can plead specific facts establishing that Dr. Haggag's decisions were not based on professional medical judgment.

8

### C. Supervisory Liability — Amy Emrich and Garyn Nathan

The July 2024 Opinion dismissed claims against grievance-responding defendants on personal involvement grounds, noting that *post-hoc* review of a grievance is insufficient to establish the actual knowledge required for personal involvement, and that a non-physician defendant is not deliberately indifferent to medical needs when an inmate is already receiving treatment by a prison doctor. 2024 U.S. Dist. LEXIS 121800, at *17–18 (citing *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988)). Liability under § 1983 is personal in nature; *respondeat superior* does not apply. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

The SAC names Amy Emrich and Garyn Nathan but adds no new facts as to either defendant beyond what appeared in the first amended complaint. The prior opinion noted that both defendants had viewed or responded to grievances and referred Plaintiff's complaints to prison administration and the medical director — conduct that satisfies their obligations under the Eighth Amendment. 2024 U.S. Dist. LEXIS 121800, at *18–19. The SAC does not allege that either defendant had direct knowledge of an ongoing constitutional violation and chose to ignore it, directed staff to act unconstitutionally, or personally participated in the denial of medical care or the transport conditions. Accordingly, claims against Emrich and Nathan are dismissed without prejudice for failure to state a claim. *See Rode*, 845 F.2d at 1207–08.

### D. New Jersey Department of Corrections

The July 2024 Opinion dismissed the § 1983 claims against the NJDOC with prejudice because it is not a "person" within the meaning of § 1983. 2024 U.S. Dist. LEXIS 121800, at *9–10 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68–71 (1989); *Grabow v. Southern*

*State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)). That dismissal was with prejudice and is not subject to cure by amendment. The claims against the NJDOC are again dismissed with prejudice for the same reasons.

### E.  Ford Motor Vehicle Co.

The July 2024 Opinion dismissed the § 1983 claim against Ford Motor Vehicle Co. without prejudice because Ford is a private entity and Plaintiff had not pleaded facts suggesting it acted under color of state law in designing or manufacturing the vans used by the NJDOC. 2024 U.S. Dist. LEXIS 121800, at *9 n.2 (citing *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)). The SAC adds no new facts to this point. The § 1983 claim against Ford is therefore dismissed without prejudice for the same reasons stated in the July 2024 Opinion.

As in the July 2024 Opinion, because all federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over any potential state law claims — including any negligence or products liability claim against Ford — at this time. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). Plaintiff is free to reassert state law claims if he can state a viable federal claim in a third amended complaint, or to pursue those claims in state court.

### F.  Appointment of Counsel

Plaintiff seeks appointment of *pro bono* counsel. The appointment of counsel for an indigent civil litigant is discretionary and requires, as a threshold matter, that the Court identify a claim of arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Only if that threshold is satisfied does the Court consider additional factors, including the plaintiff's ability to present his case, the complexity of the issues, the need for factual investigation, the likelihood

10

that the case will turn on credibility determinations, and the need for expert testimony. *Id.* at 155–57; *see also Parham v. Johnson*, 126 F.3d 454, 457–58 (3d Cir. 1997).

At present, no federal claim in the Second Amended Complaint survives screening. Accordingly, there is no operative claim that satisfies *Tabron's* threshold requirement, and appointment of counsel is not warranted at this time. The Court recognizes that Plaintiff's difficulty in pleading the subjective deliberate indifference standard may reflect the practical constraints of *pro se* litigation rather than a categorical absence of underlying merit. However, under *Tabron*, the Court may not appoint counsel unless and until a claim of arguable merit is actually before it. Because no such claim has been adequately pled in the Second Amended Complaint, appointment of counsel would be premature.

Moreover, the additional *Tabron* factors do not presently favor appointment. *See Tabron*, 6 F.3d at 155–57 (*i.e.,* factors including the plaintiff's ability to present his case, the complexity of the legal issues, the need for factual investigation, the likelihood of credibility determinations, and the need for expert testimony). This matter remains at the pleading stage, where no discovery has commenced, no credibility determinations are implicated, and no expert testimony is required. While Plaintiff's claims implicate constitutional standards that may, in some circumstances, warrant the assistance of counsel, those considerations do not justify appointment in the absence of a viable claim proceeding beyond screening.

Accordingly, Plaintiff's request for appointment of counsel is denied without prejudice. Should Plaintiff file a third amended complaint that states a viable federal claim, the Court will *sua sponte* reconsider whether appointment of counsel is appropriate in light of the *Tabron* factors at that time.

11

## IV.    CONCLUSION

For the reasons stated above, all federal claims in the SAC are **DISMISSED**. Because Plaintiff has now had two opportunities to plead these claims and the SAC does not cure the deficiencies identified in the July 2024 Opinion, the Court will afford Plaintiff one final opportunity to amend as to the claims dismissed without prejudice. Plaintiff may submit a third amended complaint within 45 days of the date of this Opinion. If Plaintiff does not timely file a third amended complaint, the dismissal of all claims without prejudice will automatically convert to a dismissal with prejudice.

An appropriate Order accompanies this Opinion.

GEORGETTE CASTNER
United States District Judge

Dated: May 21, 2026

12